**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

PIERRE DAIMONE KNIGHT,

Plaintiff,

v.

FREEMAN,

Defendant.

Case No. 3:26-CV-00353-MMD-CLB

**ORDER**

On September May 13, 2026, *pro se* plaintiff Pierre Daimone Knight, an inmate being house at the Washoe County Jail, submitted a complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. (ECF Nos. 1-1, 1). Plaintiff's application to proceed *in forma pauperis* is incomplete because Plaintiff's financial certificate is incomplete and he did not include an inmate trust fund account statement for the previous six-month period with the application. The Court will deny Plaintiff's application without prejudice and give Plaintiff the opportunity to correct this deficiency by **July 20, 2026**.

I. **FILING FEE**

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. R. Prac. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the

**inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

**II. EXHAUSTION**

The Court also notes a possible exhaustion issue. Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and unexhausted claims cannot be brought in court. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Jones v. Bock*, 549 U.S. 199, 211 (2007).

"In a few cases, a prisoner's failure to exhaust may be clear from the face of the complaint. However, such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). The "failure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. However, if it later comes to light that the plaintiff failed to exhaust his administrative remedies on the claims raised in the complaint, the district court will dismiss the unexhausted claims from the case. *Id.* at 219-21 (holding that the district court may dismiss the unexhausted claims from the complaint but may proceed with the exhausted claims). The plaintiff must exhaust his or her claims before filing a lawsuit and cannot finish the exhaustion process during the case. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (holding that the "district court must dismiss an action involving prison conditions when the plaintiff did not exhaust his administrative remedies prior to filing suit but [was] in the process of doing so when a motion to dismiss [was] filed").

The events alleged in the complaint took place at the end of March, 2026, and the

complaint is dated May 9, 2026. It is not clear whether Plaintiff could have exhausted his administrative remedies in this timeframe. If Plaintiff needs to finish exhausting his administrative remedies, he may choose to file a notice of voluntary dismissal without prejudice[1] by **July 20, 2026**. The Court notes that if Plaintiff chooses to proceed with this case, he may be required to pay the full $405 filing fee, which includes the $350 filing fee and $55 administrative fee, even if the Court later dismisses this case.

**III. CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff has **until July 20, 2026**, to either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **SEND** Plaintiff the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same and retain the complaint (ECF No. 1-1) but not file it at this time.

**IT IS FURTHER ORDERED** that if Plaintiff believes that he needs to finish exhausting his administrative remedies before proceeding with a civil rights case, he may choose to file a notice of voluntary dismissal without prejudice by **June 20, 2026**.

**DATED**: ___May 22, 2026___

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal without prejudice means that a plaintiff does not give up the right to refile the case with the Court, under a new case number, when the plaintiff has exhausted his administrative remedies.

3